976 So.2d 658 (2008)
Leroy LYNN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-353.
District Court of Appeal of Florida, First District.
March 13, 2008.
*659 Nancy A. Daniels, Public Defender, and M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Leroy Lynn, appeals from the final judgment and sentence of the trial court. Appellant alleges, and the State concedes, that there was a scoring error in his sentencing guidelines score sheet. The parties acknowledge in their statements of fact that the score sheet error did not result in a sentence that could not have been imposed based on a correctly-calculated score sheet. We agree, and accordingly, affirm the trial court's judgment and sentence but remand for the trial court to enter a written order in conformity with its oral pronouncement from the bench.
Appellant was charged with two counts of forgery, two counts of uttering false statements, and one count of grand theft. Appellant entered a guilty plea to forgery and uttering false statements with the agreement that the grand theft charge would be nolle prossed. Appellant's judgment and sentence reflects the exclusion of the grand theft charge. However, Appellant's criminal score sheet included points for the grand theft charge. Following Appellant's Florida Rule of Criminal Procedure 3.800 motion to correct his sentence, the State conceded, and the trial court acknowledged, that the score sheet was miscalculated. On July 10, 2007, the trial court orally granted Appellant's motion to the extent of ordering his score sheet to be corrected but did not reduce the sentence imposed. The trial court failed to enter a written order within sixty days.
Florida Rule of Criminal Procedure 3.800(b)(1)(B) provides, in pertinent part, "Within 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 60 days, the motion shall be considered denied." Because the trial court failed to enter a written order within sixty days of Appellant's filing of his motion to correct his sentence, the motion is deemed denied. However, the record facially supports Appellant's argument that his score sheet was incorrectly calculated, but the score sheet error did not result in a sentence that could not have been imposed based on a correctly-calculated score sheet. Therefore, the trial court's judgment and sentence is AFFIRMED, but this case is REMANDED to the trial court with instructions to enter a written order in conformity with its oral pronouncement from the bench on Appellant's motion to correct sentence. Appellant need not be present for the entry of the written order.
PADOVANO, LEWIS, and THOMAS, JJ., concur.